## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J.PISKANIN**, | : | **CIVIL ACTION NO. 1:13-CV-2937** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN WETZEL**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 22nd day of January, 2014, upon preliminary consideration

of plaintiff's civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988,

28 U.S.C. §§ 1442(a), *inter alia* (Doc. 1)[1], in which he seeks to proceed *in forma*

*pauperis* (Doc. 7), 28 U.S.C. § 1915, and the court finding that the "three

strikes"provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at

28 U.S.C. § 1915(g), prohibits him from proceeding *in forma pauperis* because he

has had three prior actions or appeals dismissed as frivolous, malicious, or for

failing to state a viable claim[2], and it being evident that there is no indiction that

---

[1]Plaintiff is a state inmate presently incarcerated at the State Correctional Institution at Benner Township, Bellefonte, Pennsylvania.

[2]The following recitation was set forth in a report and recommendation of former United States Magistrate Judge Malachy E. Mannion, now United States District Court Judge, and adopted by the undersigned in <u>Piskanin, v. FBI</u>, No. 1:12-0909, 2012 WL 4050181, *1 (M.D. Pa. Aug. 8, 2012):

> Plaintiff has filed three or more actions in federal court which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Specifically, in <u>Piskanin v. Banach, *et al.*</u>, 2008 WL 5246165 (E.D.Pa. 2008), plaintiff's amended complaint was

plaintiff "is under imminent serious physical injury,"[3] 28 U.S.C. § 1915(g) (setting

---

dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  Plaintiff then appealed this ruling to the United States Court of Appeals for the Third Circuit. Piskanin v. Hamer, 269 Fed. Appx. 159 (3d Cir. 2008).  The Third Circuit affirmed the district court's ruling and dismissed the appeal as frivolous. Id. at 162.  Plaintiff then filed another action alleging that he was "former operative" for the Federal Bureau of Investigation and that he was entitled to FBI "protection" from numerous public officials who allegedly have engaged in retaliatory acts, including his criminal prosecution. Piskanin v. John Doe, 2009 WL 1684651 (E.D.Pa. 2009).  The district court dismissed this action as frivolous.  Id.  On appeal, the Third Circuit affirmed the district court opinion that the action should be dismissed as frivolous.  Piskanin v. John Doe, 349 Fed. Appx. 689 (3d Cir. 2009). Plaintiff then filed a third complaint, which the District Court for the Western District of Pennsylvania dismissed pursuant to the three strikes rule, or 28 U.S.C. § 1915(g).  Piskanin v. PA Department of Corrections, et al., 2010 WL 3834845 (W.D.Pa. 2010).  Finally, plaintiff filed a fourth complaint, which was dismissed by the District Court for the Middle District of Pennsylvania for failure to state a claim upon which relief could be granted. Piskanin v. Commonwealth of Pennsylvania, et al., 2010 WL 4362458 (M.D.Pa. 2010).

[3]In Count I, plaintiff, who identifies himself as a "Federal Law Enforcement Operative Contractor Employee" ("FLEOCE"), alleges that defendants Lamas, Wetzel, Corbett, and the Honorable Kelly L. Banach, Honorable William H. Platt, District Attorney James B. Martin and District Attorney Heather Gallagher conspired for more than 30 years as the "murdering" arm of the unholy trio gang. (Doc. 1, ¶¶ 18-24.)  In the second count he alleges that the unholy trio gang has conspired for more than thirty years to deny him a fair trial and falsely imprison him. (Id. at ¶¶ 23-34.)  He also sets forth allegations that in 2005, he was religiously and physically abused. (Id. at ¶¶ 31-32.)  In the third claim he alleges that defendants Corbett, Wetzel and others conspired to subject him to cruel and unusual prison conditions, including a cell that is too small. (Id. at ¶ 37.)  He also contends that they are responsible for his higher security level, which has interfered with his ability to be paroled. (Id. at ¶ 40.)  Count IV alleges that defendants engaged in gouging, extortion and unjust enrichment with regard to the telephone rates and restrictions. (Id. at ¶¶ 41-47.)  In Count V, he complains about medical care administered during 2011 that required hospitalization, as well as the care he has received since that time. (Id. at ¶¶49-53.)  He also alleges that

forth the three strikes rule which provides that an inmate who has three prior

actions or appeals dismissed as frivolous, malicious, or for failing to state a viable

claim may not proceed in forma pauperis "unless the prisoner is under imminent

danger of serious physical injury"); see also Abdul-Akbar v. McKelvie, 239 F.3d 307,

312 (3d Cir. 2001) (*en banc*) (finding that the plaintiff must allege facts showing that

he was in imminent danger at the time the complaint was filed and that allegations

that he faced imminent danger in the past are not sufficient to trigger the exception

to section 1915(g)), it is hereby ORDERED that:

1.  Plaintiff's motion (Doc. 7) for leave to proceed *in forma pauperis* is DENIED.

2.  The Clerk of Court is directed to VACATE the administrative order (Doc. 9).

3.  Plaintiff's pending motions (Docs. 2, 12, 14) for relief and disclosure are DENIED.

4.  Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(g).

5.  The Clerk of Court is directed to CLOSE this case.

6.  Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

> /S/ CHRISTOPHER C. CONNER
> Christopher C. Conner, Chief Judge
> United States District Court
> Middle District of Pennsylvania

---

defendants refuse to provide him with denture adhesive and denture cleaning
supplies.  (Id. at ¶ 53.)  In his final claim, he alleges that defendants have "imposed
deprivations and mistreatment, murder and serious injury attempts, false
misconducts, denial of FLEOCE's presumption of innocence, unjust punitive
segregations upon FLEOCE to impose cruel and unusual punishment upon
FLEOCE to extend FLEOCE's sentences, and obstruct FLEOCE's access to parole,
to courts."  (Id. at ¶ 60.)